## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

The People of the State of Illinois

        Plaintiff,

      v.

Annabel K. Melongo       .

        Defendant.

No. 09 CV 7599

Honorable Joan H. Lefkow

Magistrate Judge Susan E. Cox

## THE PEOPLE OF THE STATE OF ILLINOIS' RESPONSE TO DEFENDANT MELONGO'S NOTICE OF REMOVAL

The People of the State of Illinois, by and through their attorneys, ANITA ALVAREZ, Cook County State's Attorney, Patrick T. Driscoll, Jr., Deputy State's Attorney, Louis R. Hegeman, and Thomas Cargie, Assistant State's Attorneys, hereby submits this response to Annabel K. Melongo's Notice of Removal.

### I. INTRODUCTION

On May 28, 2008, Defendant Annabel K. Melongo was indicted and charged with three counts of violating section 16D-3 of the Illinois Computer Crime Prevention Law. 720 ILCS 5/16D-3. Melongo was arraigned before Cook County Circuit Court Judge James Shreier on June 18, 2008, at which time Melongo's attorney acknowledged receipt of the indictment, waived formal reading, and entered a plea of not guilty on her behalf. While that matter remained pending in the Circuit Court of Cook County, Melongo filed a Notice of Removal in this court on December 8, 2009, nearly a year and a half after her arraignment.

Under the relevant federal statutory scheme, a defendant seeking to remove a criminal matter to federal court must surmount both a substantive and procedure hurdle. The substantive

requirements are in 28 U.S.C. § 1443, and the procedural requirements are in 28 U.S.C. § 1446. In this case, Melongo fails to satisfy either provision's requirements; thus her request to remove the criminal matter against her that is now pending in Illinois courts should be denied by this court.

## II. ARGUMENT

**A.      Melongo Did Not File Her Notice Of Removal Within 30 Days Of Being Arraigned And Has Not Shown Good Cause For Her Failure To Do So; Thus The Court Should Dismiss Her Untimely Petition**

28 USC § 1446(c)(1) provides that a notice of removal of a criminal case must "be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the . . . court may enter an order granting the defendant . . . leave to file the notice at a later time."  Here, Melongo's Notice of Removal was filed more than 17 months after she was arraigned and there is no explanation in her notice for the delay.

Plaintiff's Notice of Removal intimates that her arraignment was invalid, but the transcript of the proceedings before Judge Shreier that day shows that she was properly arraigned.  (A copy of the transcript of the proceedings of the June 18, 2008 arraignment is attached as Exhibit A.)  Under 28 U.S.C. § 753, that certified transcript is "deemed *prima facie* a correct statement of the testimony taken and proceedings had."  This is true under Illinois law as well.  *People v. Vincent*, 165 Ill. App. 3d 1023, 1030 (1st Dist. 1988) (holding that Illinois courts "must assume the certified transcript is correct until the contrary is proven[]")  Plaintiff has brought forth no evidence to rebut that presumption of correctness.  Thus, in accordance with the clear commands of §1446(c)(1), the court should dismiss her removal petition as being untimely

filed.  *See New York v. Mitchell*, 637 F. Supp. 1100 (S.D.N.Y 1986) (dismissing as time-barred a

removal petition that was filed five months after arraignment).

**B.      Melongo's Notice Of Removal Does Not Satisfy The Requirements Of 28 USC § 1443; Thus Her Petition For Removal Should Be Dismissed On This Ground As Well.**

In her petition, Melongo states that removal of this matter to federal court is appropriate

under 28 USC 1446(a).  That section, however, only describes the procedures that one must

follow to seek removal.  It does not provide the substantive basis for such a removal.  As noted

in *Cincinnati v. Weaver*, 245 F. Supp. 529, 532 (S.D. Ohio 1965), "Section 1446 is merely

procedural, and if the right of removal exists it must be under the provisions of Paragraphs (1)

and (2) of Section 1443."; accord *Dugas v. Hanover County Circuit Court*, 2008 U.S. Dist.

LEXIS 67644 (E.D. Vir. Sept. 5, 2008) (noting that only  28 U.S.C. §1443 provides the

substantive basis for the removal of state criminal cases to federal court).

Judge Grady explained the requirements of § 1443 in *Zaun v. Illinois*, 1990 U.S. Dist.

LEXIS 14611 (N.D. Ill. Oct. 24, 1990).  He wrote:

> Section 1443(1) allows a defendant to remove a state court prosecution only if the defendant can show both that the federal right upon which he relies is a "right under any law providing for . . . equal civil rights," and that defendant is "denied or cannot enforce" that right in the courts of the state. *Georgia v. Rachel,* 384 U.S. 780, 788 (1966). . . .
>
> In *Rachel*, the Supreme Court construed the phrase "any law providing for . . . equal civil rights" to mean any law providing for specific civil rights stated in the terms of racial equality. *Id*. at 792.  One such law, the court found, was the Civil Rights Act of 1964, "for in § 201(a) it guarantees to all the 'full and equal enjoyment' of the facilities of any place of public accommodation without discrimination on the ground of race." *Id.* at 792-93.
>
> * * * *
>
> **Removal under *§ 1443(1)* is proper only "in the rare situation where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will be denied by the very act of bringing the defendant to trial in state court."** [*Greenwood v. Peacock,* 384 U.S. 808,] 828 [(1966)].

*Zaun,* at \*4-\*6 (emphasis added).; *see also Dugas*, 2008 U.S. Dist. LEXIS 67644 (dismissing a petition for removal under § 1443, where the petitioner does not allege that he had been denied or could not enforce the right to racial equality in a state court criminal proceeding).

Here, Melongo does not complain that is clear that she will be denied any federal rights just by virtue of being tried in state court. She does not even invoke any federal rights as the basis of her petition for removal. Instead, she appears to be engaging in some sort of forum shopping for her crimes. Her argument for removal rests on the fact that there is an analogous federal law (The Computer Fraud and Abuse Act (18 U.S.C. § 1030)) that makes the conduct for which Melongo was charged under Illinois's Computer Crime Prevention Law a federal crime as well. Melongo apparently would rather be prosecuted by federal authorities rather than by state authorities for her computer tampering.

Merely because federal authorities can prosecute Plaintiff for her conduct, however, does not prevent the Cook County State's Attorney from prosecuting her too. The ability of both the federal government and Illinois to prosecute her for the same computer tampering is a function of the so-called "dual sovereignty doctrine" that the U.S. Supreme Court has found to be inherent in the nature of our federalist system. *See Heath v. Alabama*, 474 U.S. 82, 89 (1985) (noting that "the proposition that the State and Federal Governments may punish the same conduct 'is too plain to need more than statement'") citing and quoting *Westfall v. United States*, 274 U.S. 256, 258 (1927) (Holmes J.).

As Judge Grady pointed out in *Zaun*, removal of a criminal matter from state court to federal court under § 1443 is appropriate only when there is a federal law that effectively grants immunity to the defendant from state prosecution. *Zaun,* at \*7. The Computer Fraud and Abuse

Act (18 U.S.C. § 1030), which is the only substantive federal law upon which she relies, does not

afford Melongo such immunity.  Thus, her petition for removal must be dismissed.

### III. CONCLUSION

WHEREFORE, for the above and foregoing reasons, The People of the State of Illinois

respectfully requests that Defendant Annabel K. Melongo's December 8, 2009 Notice of Removal

be dismissed and the matter be remanded to the Circuit Court of Cook County, Illinois.

<div style="margin-left:50%">

Respectfully submitted,
ANITA ALVAREZ
State's Attorney of Cook County


By:/s/ Thomas Cargie
ARDC # 6210034
Thomas Cargie
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
312/603-4553

</div>

Patrick T. Driscoll, Jr.
Deputy State's Attorney
Chief, Civil Actions Bureau

Louis R. Hegeman
Supervisor, Special Projects & Assignments
Thomas Cargie
Assistant State's Attorneys

### CERTIFICATE OF SERVICE

I, Thomas Cargie, Assistant State's Attorney, certify that I electronically filed the above
**THE PEOPLE OF THE STATE OF ILLINOIS' RESPONSE TO DEFENDANT
MELONGO'S NOTICE OF REMOVAL** with the Clerk of the Court via the CM/ECF System
and caused it to be served upon Plaintiff at the address below via U.S. Mail, posted on January
29, 2010, before 5:00 p.m.
Annabel K. Melongo
P.O. Box 1537
Addison, IL 60101

<div style="margin-left:45%">/s/ Thomas Cargie</div>